IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO ex rel. BUCKY STONE; STATE OF NEW MEXICO ex rel. DUSTY STONE; BUCKY STONE, individually; and DUSTY STONE, individually and d/b/a STONE RANCH,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF QUAY; LARRY MOORE, in his official capacity as Quay County Road Superintendent; EVELYN WALLIN and LARRY WALLIN,<br><br>Defendants. | Case No. 1:22-cv-00805-MV-JHR |

**PLAINTIFFS' MOTION TO SEVER AND REMAND CLAIMS ARISING UNDER THE NEW MEXICO CIVIL RIGHTS ACT AND NEW MEXICO TORT CLAIMS ACT**

Plaintiffs State of New Mexico ex rel. Bucky Stone; State of New Mexico ex rel. Dusty Stone; Bucky Stone, individually; and Dusty Stone, individually and d/b/a Stone Ranch (collectively, "Plaintiffs") respectfully move under 28 U.S.C. § 1441(c)(2) for this Court to sever and remand Plaintiffs' claims arising under the New Mexico Civil Rights Act and the New Mexico Tort Claims Act, because (1) the Notice of Removal filed by Defendants Board of County Commissioners for the County of Quay and Larry Moore (collectively "County Government Defendants") is silent on how this Court has jurisdiction over those claims; and (2) both the New Mexico Civil Rights Act and the New Mexico Tort Claims Act appear to provide New Mexico district courts with exclusive jurisdiction. NMSA 1978, §§ 41-4A-3(B); 41-4-18.

Plaintiffs sought good-faith concurrence with counsel for County Government Defendants and counsel for Defendants Evelyn Wallin and Larry Wallin (collectively "Wallins") for this motion. Plaintiffs report that counsel for County Government Defendants oppose this Motion. Plaintiffs further report that they contacted counsel for the Wallins for their position the morning of November 18, 2022, and the Wallins' counsel stated they were unable to provide a position as requested.

## ARGUMENT

**I.    The Court must sever claims made non-removable by statute.**

"Because federal courts are courts of limited jurisdiction, there is a presumption against [federal] removal." *Ramirez v. San Miguel Hosp. Corp.*, 591 F.Supp.3d 1028, 1032 (D.N.M. 2022). *Accord Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022) ("Federal courts are courts of limited jurisdiction. … So, there is a presumption against our jurisdiction."). Thus, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Boulder Cnty.*, 25 F.4th at 1250. "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936)).

To affect a proper removal, a defendant must:

> [F]ile in the district court ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

Removal of civil actions that include a joinder of federal law claims and state law claims is governed by 28 U.S.C. § 1441(c). Under 28 U.S.C. § 1441(c)(1):

> If a civil action includes – (A) a claim arising under the Constitution, laws, or treaties of the United States …, and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

If the action is removed, as the next step, 28 U.S.C. § 1441(c)(2) states:

> Upon removal of an action as described in paragraph (1), the district court <u>shall sever</u> from the action all claims described in paragraph (1)(B) and <u>shall remand the severed claims</u> to the State court from which the action was removed.

(emphasis added). *Accord Wright & Miller*, 14C Fed. Prac. & Proc. Juris. § 3722.3 (Rev. 4th ed.) ("…upon removal, the federal court must sever all claims that are not within the original or supplemental jurisdiction of the district court or that have been made non-removable by statute, and remand them to state court."); *Home Depot U. S. A., Inc. v. Jackson*, 139 S.Ct. 1743, 1753 (2019) (Alito, J., dissenting) ("In these hybrid cases [with federal and state law claims], § 1441(c)(2) allows the federal claims to be removed while the state-law claims are severed and sent back to state court.").

**II.   Defendants have not met their burden to demonstrate how federal removal is appropriate for Plaintiffs' New Mexico Tort Claims Act and New Mexico Civil Rights Act claims.**

The County Government Defendants' Notice of Removal ("Notice") fails to explain how this Court may hear Plaintiffs' state claims arising under New Mexico Tort Claims Act and New Mexico Civil Rights Act. The County Government Defendants' Notice contains a bald assertion that: "this Court has original jurisdiction over this action pursuant to the jurisdiction conferred on this Court by 28 U.S.C. § 1331 and the action may, therefore, be removed to this Court pursuant

to 28 U.S.C. §§ 1441(a), (b) and/or (c)." Yet, there are no statements addressing how Plaintiffs' New Mexico Tort Claims Act and New Mexico Civil Rights Act claims can specifically exist before this Court. Without such statements, and pursuant to 28 U.S.C. § 1441(c), to which County Government Defendants cite, this Court is required to "sever from the action all claims that are 'not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute' and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2) (quoting 28 U.S.C. § 1441(c)(1)(B)).

Claims under the New Mexico Tort Claims Act and New Mexico Civil Rights Act appear nonremovable by statute, as each act describes such claims as being exclusive to New Mexico district courts. The New Mexico Tort Claims Act at NMSA 1978, Section 41-4-18(A) states that: "[e]xclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico." Similarly, the New Mexico Civil Rights Act at NMSA 1978, Section 41-4A-3(B) provides that only in "any New Mexico district" may "a person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body" seek relief.

As the County Government Defendants have failed to address or analyze the New Mexico Tort Claims Act and New Mexico Civil Rights Act's exclusivity provisions above and their effect on these particular defendants and this Court, the County Government Defendants have not met their burden to allow this Court to exercise jurisdiction over Plaintiffs' New

4

Mexico Tort Claims Act and New Mexico Civil Rights Act claims. Such statements would have been especially important for County Government Defendants to provide given the novel and complex issues of state law presented by the New Mexico Civil Rights Act, NMSA 1978, Sections 41-4A-1 to -13 (2021). *See* 28 U.S.C. § 1367(c)(1).

As County Government Defendants have failed to meet their burden necessary to the critical and preliminary issue of determining this Court's jurisdiction, or lack of jurisdiction, over these claims, Plaintiffs move the Court to sever and remand their New Mexico Tort Claims Act and New Mexico Civil Rights Act claims pursuant to 28 U.S.C. § 1441(c)(2), and for just costs and any actual expenses, including attorney fees, incurred as a result of removal. 28 U.S.C. § 1447(c).

**III.    Conclusion**

For the reasons set forth above, Plaintiffs request the Court grant their motion.

Respectfully Submitted,

BARNHOUSE KEEGAN SOLIMON & WEST LLP

*/s/ Michelle T. Miano*
Michelle T. Miano
Christina S. West
7424 4th Street NW
Los Ranchos de Albuquerque, NM 87107
Telephone: (505) 842-6123
Fax: (505) 842-6124
mmiano@indiancountrylaw.com
cwest@indiancountrylaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

>Jonlyn Martinez
>jonlyn@jmartinezlaw.net
>*Attorney for County Government Defendants*
>
>Megan Day Hill
>Lawrence H. Hill
>hillm@civerolo.com
>hilll@civerolo.com
>*Attorney for Defendants Evelyn and Larry Wallin*

*/s/ Michelle T. Miano*
Michelle T. Miano