**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO ex rel. BUCKY
STONE, et al.,

     Plaintiffs,

v.                                                        1:22-cv-00805-MV-JMR

THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF QUAY, et al.,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Sever and Remand Claims Arising Under the New Mexico Civil Rights Act and New Mexico Tort Claims Act [Doc. 17]. The Court, having considered the Motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

**BACKGROUND**

Plaintiffs commenced the instant action in the Tenth Judicial District Court, County of Quay, State of New Mexico, on October 10, 2022. Doc. 1-2. Their Verified Complaint for Declaratory Relief, Injunctive Relief, Just Compensation and Damages asserts claims under the New Mexico Constitution and New Mexico Civil Rights Act ("NMRA"), claims under the United States Constitution and 42 U.S.C. § 1983, state common law claims of civil conspiracy and private nuisance, and claims under the New Mexico Tort Claims Act ("NMTCA"). *Id.*

Defendants removed this case to federal court on October 27, 2022, pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1441(a) (supplemental jurisdiction). Doc. 1. In support of removal, Defendants cited to Plaintiffs' federal constitutional claims brought pursuant to § 1983.

On the instant motion, Plaintiffs do not dispute that this Court has original jurisdiction over their § 1983 claims and supplemental jurisdiction over their state common law claims. Plaintiffs contend, however, that only the New Mexico district courts have jurisdiction over their NMRA and NMTCA claims, and that this Court thus should sever those claims and remand them to the state court. Docs. 17, 33. All Defendants oppose Plaintiffs' request for severance and remand. Docs. 27, 28, 29.

## DISCUSSION

In support of their motion for severance and remand of their NMRA and NMTCA claims, Plaintiffs argue that, pursuant to these provisions, the state has consented only to a limited waiver of immunity, and that the Eleventh Amendment thus prevents the adjudication of these claims anywhere other than in state district court. Doc. 33 at 4-6. Defendants do not invoke or otherwise address the issue of Eleventh Amendment immunity, but rather simply argue that because all of Plaintiffs' claims have a common nucleus of operative facts, this Court has supplemental jurisdiction to hear them. Doc. 27 at 4-6; Doc. 28 at 1-2; Doc. 29 at 2-6. While Plaintiffs have correctly identified a potential Eleventh Amendment immunity issue, the fact that Defendants have chosen not to invoke that immunity is fatal to their request for remand.

"The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." *Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1990). Nonetheless, a state "may waive its eleventh amendment immunity and consent to suit against itself, related entities and employees." *Id.* Under the NMCRA, the state of New Mexico has waived sovereign immunity "for itself or any public body within the state for claims brought pursuant to the New

Mexico Civil Rights Act."  N.M. Stat. Ann. § 41-4A-9.  This waiver, however, is limited to actions commenced in "any New Mexico district court."  N.M. Stat. Ann. § 41-4A-3.  Similarly, under the NMTCA, "the State of New Mexico has consented to suits against its entities and employees acting within the scope of their duty for enumerated unintentional torts."  *Id.* But the relevant statutory provisions make clear that "[e]xclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico," N.M. Stat. Ann. § 41-4-18A, and that no statutory provision shall constitute "waiver of the state's immunity from suit in federal court under this eleventh amendment." N.M. Stat. Ann. § 41-4-4F. "The Tenth Circuit has interpreted this language to mean that a plaintiff cannot "pursue [a] claim against [a state public body] and its employees acting within the scope of their employment in the federal district court, but rather is relegated to the state district court to seek relief consistent with the limited waiver of immunity under [the NMTCA]."  *Bishop*, 902 F.2d at 810.

Nonetheless, the United States Supreme Court has made clear that "[a] state remains free to waive its Eleventh Amendment immunity from suit in a federal court." *Lapides v. Board of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618 (2002). Indeed, the Supreme Court has specifically held that "a State waives that immunity when it removes a case from state court to federal court." *Id.* at 619. Just as in *Lapides*, in the instant case, "the State was brought involuntarily into the case as a defendant in the original state-court proceedings. But the State then voluntarily agreed to remove the case to federal court. In doing so, it voluntarily invoked the federal court's jurisdiction." *Id.* Under these circumstances, "the general legal principle . . . that a State's voluntary appearance in federal court amount[s] to a waiver of its Eleventh Amendment immunity [applies]." *Id.*

3

Simply put, Eleventh Amendment immunity from suit in federal court was Defendants' right to waive, and waive it they did. Plaintiffs cannot invoke Defendants' constitutional rights on their behalf to support their unilateral effort – opposed by Defendants – to remand their NMRA and NMTCA claims to state court. Thus, the only question remaining is whether this Court has supplemental jurisdiction over Plaintiff's NMRA and NMTCA claims. The Court agrees with Defendants that it does.

28 U.S.C. § 1367(a) generally vests the federal district courts "in any civil action of which the district courts have original jurisdiction" with "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367(a). Thus, "a federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (citation omitted). Here, it is undisputed (and indisputable) that all of Plaintiffs' claims, including her claims under the NMRA and NMTCA, derive from a common nucleus of operative fact.

Plaintiffs, however, contend that this case falls into two exceptions to the general rule set forth in § 1367(a), because their claims both "raise[] a novel or complex issue of State law," and "substantially dominate[] over the claim or claims over which the district court has original jurisdiction." Doc. 33 at 8 (citing §§ 1367(c), (d)). For these reasons, Plaintiffs argue that this Court should decline to exercise supplemental jurisdiction over their NMRA and NMTCA

4

claims. Plaintiffs have failed to substantiate their contention that these claims raise novel or complex issues of state law, or that these claims predominate over their federal constitutional claims. Moreover, "considerations of judicial economy, convenience and fairness to [Defendants]" support this Court's exercise of supplemental jurisdiction over all of Plaintiffs' state law claims. *Carnegie-Mellon*, 484 U.S. at 349. Thus, the Court finds that the general rule of § 1367 applies here, and supplemental jurisdiction is proper over all of Plaintiffs' state law claims.

## CONCLUSION

Because Defendants have chosen not to invoke Eleventh Amendment immunity to suit in federal court, and because this Court properly has supplemental jurisdiction over Plaintiffs' NMRA and NMTCA claims, it would be improper for this Court to sever those claims and remand them to state court.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Sever and Remand Claims Arising Under the New Mexico Civil Rights Act and New Mexico Tort Claims Act [Doc. 17] is **DENIED**.

DATED this 1st of May 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE