IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE of NEW MEXICO ex rel. BUCKY
STONE; STATE of NEW MEXICO ex
rel. DUSTY STONE; BUCKY STONE,
INDIVIDUALLY; AND DUSTY STONE,
INDIVIDUALLY AND d/b/a STONE RANCH,

    Plaintiffs,

v.                                      1:22-cv-00805-MV-JMR

THE BOARD OF COUNTY COMMISSIONERS
FOR the COUNTY OF QUAY; LARRY
MOORE, IN HIS OFFICIAL CAPACITY AS QUAY
COUNTY ROAD SUPERINTENDENT;
EVELYN WALLIN; AND LARRY WALLIN,

    Defendants.

**ORDER GRANTING COUNTY DEFENDANTS' MOTION TO STAY DISCOVERY AND DENYING PLAINTIFFS' MOTION TO ALLOW DISCOVERY**

THIS MATTER comes before the Court on defendants Board of County Commissioners for the County of Quay and Larry Moore's ("County Defendants") Motion to Stay Proceedings Pending Outcome of County Defendants' Motion to Dismiss, filed on June 12, 2024.  Doc. 51. Plaintiffs filed a response (Doc. 56), and the County Defendants filed a reply (Doc. 62).  Having read the parties' submissions and being fully advised in the premises, the Court finds that the County Defendants' motion to stay discovery is well taken and will GRANT it.  Because the Court grants the motion to stay discovery, the Court will DENY plaintiffs' Motion to Allow Discovery Against County Defendants (Doc. 49).

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation.  The privilege is an immunity from suit rather than a mere defense to liability[.]" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (*quoting Mitchell v. Forsyth*, 472

U.S. 511, 526 (1985)) (quotation marks omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)).  The doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the other burdens of litigation," including "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526.  The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quotation and citation omitted).  "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Id.* at 231 (quotation marks, brackets, and citation omitted).  Thus, in general, when a defendant asserts the defense of qualified immunity on a motion to dismiss, the district court must stay discovery until the immunity issue is resolved.  *Workman*, 958 F.2d at 336.

There is no dispute that Mr. Moore has raised the defense of qualified immunity in his motion to dismiss.  Doc. 50 at 9–10.  Nevertheless, relying on the case of *Maxey by Maxey v. Fulton*, 890 F.2d 279 (10th Cir. 1989), plaintiffs oppose the motion requesting a stay of discovery.  Doc. 56 at 1.  *Maxey*, however, does not support allowing discovery before the Court rules on the pending motion to dismiss.  *Maxey*, as plaintiffs assert, did hold that "discovery is permissible where the plaintiff adequately alleges a violation."  *Maxey*, 890 F.2d at 282.  However, whether plaintiffs adequately allege a violation in this case is exactly what the subject motion to dismiss seeks to test.  *See id.* (quoting *Mitchell*, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."))  The motion to dismiss must be denied in this case before discovery can begin.  *Maxey*, 890 F.2d at 283 (noting

that only "the denial of the motion to dismiss foreclosed [defendant's] claim of immunity from all discovery.")  Nothing in *Maxey* supports allowing discovery prior to the Court's ruling on the pending motion to dismiss.

Finally, the Court notes that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (citation omitted).  But, unlike a motion for summary judgment, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 674–75 (2009).

The Court will stay discovery as to all defendants.  Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised. *See Herrera v. Santa Fe Pub. Schs.*, No. 11cv422 JB-KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (unpublished); *see also Ashcroft*, 556 U.S. at 685–86 (noting that a defendant raising the defense of qualified immunity "would not be free from the burdens of discovery" if "pretrial proceedings continue for other defendants" because he would still need to "participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to [his] position").

IT IS THEREFORE ORDERED that defendants Board of County Commissioners for the County of Quay and Larry Moore's Motion to Stay Proceedings Pending Outcome of County Defendants' Motion to Dismiss (Doc. 51) is GRANTED.  Discovery in this case shall be stayed, as to all defendants, pending resolution of the County Defendants' Motion to Dismiss Plaintiffs' Complaint and Memorandum in Support Thereof (Doc. 50), or until further order of the Court.

IT IS FURTHER ORDERED that plaintiffs' Motion to Allow Discovery Against County Defendants (Doc. 49) is DENIED.  The Court will set a scheduling order once the pending

dispositive motions (Docs. 6, 50) have been decided, if appropriate.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

4